■ GOLDEN TECHNOLOGY MANAGEMENT, LLC, et al., Respondents, v NEXTGEN ACQUISITION, INC., et al., Appellants. [30 NYS3d 87]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 22, 2014, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the breach of contract cause of action, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiffs allege that defendants breached the payment provisions of a stock purchase agreement (the contract), which required defendant NextGen Acquisition, Inc. to pay a purchase price consisting of a cash payment to be made at closing and a "holdback" amount, defined in the agreement, to be placed into an account of the acquired company, nonparty NextGen Fuels, Inc., and held for a period of no more than one year. The contract created two separate obligations— an obligation to deposit funds into a separate account at closing and an obligation to pay those funds to plaintiffs one year later. Plaintiffs commenced this action against NextGen Acquisition and allegedly related entities almost seven years after the closing date but less than six years after the holdback amount was to be distributed from the company's account.

While plaintiffs argue that the contract did not expressly

require deposit of the holdback amount "at closing," the relevant provisions of the contract clearly required the deposit to be made at or about the time of closing, so that the holdback would be available to either indemnify the buyers or make payment to the sellers, pursuant to the contract. A cause of action for breach of the deposit obligation would therefore be time-barred. However, plaintiffs do not seek to enforce the deposit obligation. They seek to enforce the payment obligation only, and the cause of action for breach of that obligation accrued one year after closing, i.e., when plaintiffs obtained "a legal right to demand payment" (*see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 770 [2012] [internal quotation marks omitted]).

Nevertheless, although it is not time-barred (CPLR 213 [2]), the cause of action for breach of the payment obligation must be dismissed because defendants are not responsible for that breach; the payment obligation belongs to nonparty NextGen Fuels, Inc. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.